# THE BROWN LAW GROUP, P.C.
ATTORNEYS AT LAW
TWO GRAND CENTRAL TOWER
140 EAST 45TH STREET
NEW YORK, NEW YORK 10017

RODNEY A. BROWN

MELISSA ALCANTARA
JULIA GAVRILOV
SUDAKSHINA SEN
RYAN J. WHALEN

TEL (212) 421-1845
FAX (212) 421-8418
EMAIL: INFO@BLG-PC.COM

June 6, 2008

**BY ECF AND HAND DELIVERY**

The Honorable Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Robert Lewis Rosen Associates, Ltd. v. William Webb—
Index No. 07 Civ. 11403

Honorable Sir:

We are the attorneys for Petitioner Robert Lewis Rosen Associates, Ltd. ("RLR") in the above-referenced proceeding. We submit this letter brief, pursuant to the Order of the Court dated May 20, 2008, on the impact, if any, of the Supreme Court's recent decision in Hall Street Assoc., LLC v. Mattel, Inc., 128 S. Ct. 1396 (2008), on the instant action.

RLR respectfully submits that the Hall case bears no impact on the instant proceeding before this Court other than reaffirming the current law, which supports RLR's motion to vacate Arbitrator Howard Reiss' Arbitration Award. Contrary to the facts surrounding the Hall case, RLR is not seeking to expand the grounds upon which courts can review arbitral awards. Rather, the Hall decision reinforces RLR's position that the grounds for proper vacatur and modification of awards must be restricted to the exclusive grounds set forth by the Federal Arbitration Act ("FAA"). Moreover, the Supreme Court in Hall reaffirmed the FAA's long-standing policy favoring arbitration of a dispute where there exists a valid, broad arbitration agreement. See Hall at 1402. Thus, the Hall decision further underscores the fact that Arbitrator Howard Reiss improperly and prematurely dismissed RLR's claim for legal fees (i) without a hearing and (ii) as a matter of law, on the purported grounds of lack of arbitrability. Arbitrator Reiss manifestly disregarded the law by ignoring the broad inclusionary approach the FAA requires when deciding whether or not a dispute is arbitrable. In fact, Arbitrator Reiss' disregard of the FAA only further underscores the irony of the current procedural posture of the underlying proceeding. Arbitrator Reiss' Arbitration Award not only countenances Respondent William Webb's (hereinafter, "Webb") wrongful conduct in his refusal to pay an arbitration award, which is clearly in violation of the policy behind the FAA, namely an expedient and cost-effective alternative to litigation, but also manifestly disregarded the law requiring that when there is an issue concerning the arbitrability of a dispute, it should be resolved in favor of arbitration. See Collins v. Aikman Prods. Co. v. Building Sys., Inc., 58 F.3d 16, 19 (2d Cir. 1995); Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co., 307 F.3d 24, 28 (2d Cir. 2002).

THE BROWN LAW GROUP, P.C.

The Honorable Richard J. Holwell
June 6, 2008
Page 2 of 3

The basic thrust of the Hall case involved a petitioner seeking to expand judicial review on the basis that the grounds set forth for vacating or modifying an arbitration award under §§ 10 and 11 of the FAA are not exclusive, and that those grounds may be expanded by private contract. See Hall Street Assoc., LLC v. Mattel, Inc., 128 S. Ct. 1396 (2008). In Hall, the Supreme Court held that the grounds stated in the FAA for vacating or modifying an arbitration award constitute the exclusive grounds for expedited vacatur or modification of the arbitration award pursuant to the provisions of the FAA. See Id. at 1398.

However, unlike the petitioner in the Hall case, RLR is not seeking to contract around the statutory limitations of judicial review by including additional grounds to vacate the Arbitration Award issued by Arbitrator Reiss. Rather, RLR is strictly adhering to the confines of "manifest disregard of the law" as the judicial ground that Courts have adopted and continuously relied upon to vacate and/or modify an arbitration award. RLR's position, as set forth in its Petition to Vacate the Arbitration Award and supporting memoranda, is that Arbitrator Reiss manifestly disregarded the law by, inter alia, ignoring the strong federal policy in favor of arbitration, by ignoring the broad arbitration clause requiring that any dispute "arising out of or relating to th[e] agreement" be arbitrated, and by ignoring Judge Baer's determination that RLR must arbitrate its claim for attorneys' fees. See RLR's Memorandum of Law in Support of Petition to Vacate the Arbitration Award dated December 19, 2007. By refusing to exercise jurisdiction over RLR's claim for legal fees for Webb's unjustified and vexatious efforts to nullify the initial Final Arbitration Award issued in RLR's favor in July 2003, Arbitrator Reiss improperly narrowed the broad application of the long-standing principles set forth under the FAA, namely that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," thereby requiring Arbitrators to construe arbitration clauses as broadly as possible. See Collins v. Aikman Prods. Co. v. Building Sys., Inc., 58 F.3d at 19.

As already set forth by RLR, the determination of whether a dispute is arbitrable under the FAA consists of two prongs: (1) whether there exists a valid agreement to arbitrate at all under the contract in question … and if so, (2) whether the particular dispute sought to be arbitrated falls within the scope of the arbitration agreement. See Hartford Acc. & Indem. Co. v. Swiss Reinsurance Am. Corp., 246 F.3d 219, 226 (2d Cir. 2001)(quotation marks omitted). Because there is "a strong federal policy favoring arbitration…where [] the existence of an arbitration agreement is undisputed, doubts as to whether a claim falls within the scope of that agreement should be resolved in favor of arbitrability." See Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co., 307 F.3d at 28. The Second Circuit has further emphasized that "[w]e will compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." See Collins v. Aikman Prods. Co. v. Building Sys., Inc., 58 F.3d 16, 19 (2d Cir. 1995).

RLR has unequivocally demonstrated that a valid arbitration agreement existed between RLR and Webb, which served as the basis for the Final Arbitration Award issued in favor of RLR in July 2003 and RLR's arbitration claim that was dismissed by Arbitrator Reiss. See RLR's Memorandum of Law In Support of Petition to Vacate Arbitration Award dated

THE BROWN LAW GROUP, P.C.

The Honorable Richard J. Holwell
June 6, 2008
Page 3 of 3

December 19, 2007. Webb has further confirmed the existence of a valid arbitration agreement by his contemporaneous filing of a Petition with the California Labor Commission in October 2003, and his subsequent appeal of the Order dismissing the Petition to the Superior Court of the State of California, Riverside County in July 2007. Webb's Petition (and subsequent appeal) was expressly based on the existence of the agreement containing the arbitration provision. See Petition to Vacate Arbitration Award at Ex. C. Thus, Webb's argument in this proceeding, and in the underlying arbitration, that the arbitration agreement is no longer valid should not be countenanced. See Webb's Memorandum of Law In Opposition to Petition to Vacate Arbitration Award dated January 9, 2008 at p. 2.

In support of its conclusion, the Court in Hall also pointed to both the language and intent of the FAA, stating that "it makes more sense to see §§ 9-11 [of the FAA] as the substance of a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." See Hall, 128 S. Ct. at 1399. In view of this long-standing policy, and the Supreme Court's position that the FAA "makes contracts to arbitrate 'valid, irrevocable, and enforceable,' so long as their subject involves 'commerce,'" (see Id. at 1402) Arbitrator Reiss' Arbitration Award is in manifest disregard of the FAA, which requires that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." See Collins v. Aikman Prods. Co. v. Building Sys., Inc., 58 F.3d 16, 19 (2d Cir. 1995) (quotation marks and citations omitted). By blatantly ignoring the broad arbitration agreement between the parties, and wrongfully narrowing the scope of the arbitration clause which included a claim for attorneys' fees, Arbitrator Reiss frustrated the very purpose of arbitration as a means of "resolving disputes straightaway." See Hall, 128 S. Ct. at 1405.

As such, not only is RLR's position in full accordance with the holding of the Hall decision, but it reinforces the underlying principles of the FAA, which is to promote arbitration as an expedient and cost-effective alternative to litigation. Accordingly, RLR respectfully requests that this Court enforce and reaffirm the essential purpose of arbitration that was violated by Webb's extraordinary bad faith post-arbitral conduct, and frustrated by Arbitrator Reiss' manifest disregard of the law and express terms of the parties' broad arbitration clause, and the denial of jurisdiction to hear RLR's claim for attorneys' fees arising out of the arbitration agreement.

Respectfully submitted,

Rodney A. Brown

RAB:cz

cc:    Jeffrey Ullman, Esq. (By Facsimile)