# ULLMAN, FURHMAN & PLATT, P.C.

JEFFREY D. ULLMAN*
ARTHUR N. FURHMAN, LL.M.*
GARY R. PLATT°
—
*MEMBER, N.J. AND N.Y. BAR
°NEW JERSEY BAR ONLY

ATTORNEYS AT LAW
89 HEADQUARTERS PLAZA
NORTH TOWER, TWELFTH FLOOR
MORRISTOWN, NEW JERSEY 07960-3959

TELEPHONE: (973) 993-1744
FACSIMILE: (973) 993-1748
E-MAIL: ullman@ufplaw.com
INTERNET: www.ufplaw.com

June 6, 2008

<u>VIA FEDERAL EXPRESS OVERNIGHT AND ELECTRONIC FILING</u>
Hon. Richard J. Holwell, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
Chambers, Room 1950
500 Pearl Street
New York, New York 10007

    Re:    *Robert Lewis Rosen Associates, Ltd. v. Webb*
            <u>Docket No. 07 Civ. 11403 (RJH)</u>

Your Honor:

        We are the attorneys for respondent, William Webb ("Webb"). We have petitioner's letter to the Court of even date, responding to the Court's Order, dated May 20, 2008, which had invited the parties to comment upon "the impact, if any, of ***Hall Street Associates v. Mattel, Inc.,*** 128 S.Ct. 1396 (2008)." ***Hall Street*** came down in late March, 2008, some months after the parties' last submissions in this matter.

        Counsel's letter, which arrived here at about 5:10 this evening, was the very first notice we had of the Court's May 20 Order. Apparently, that order was filed by the Court electronically, with the expectation that the parties would be duly and timely noticed. But we received no notice of any kind, until, literally, moments ago, when we got Mr. Brown's letter.

        Our understanding was, and had been since the filing of the petition, that this was *not* an ECF case. We were specifically so informed by the court's ECF administrative staff, who told us that this was not an ECF case because the originating filing (the petition) was made by hand, and not electronically. We spoke with the ECF office in January, 2007, as we prepared to file our responsive papers, which we had hoped to file electronically. We have an ECF "profile" on record with the court (as of January 10, 2008), and a login and password for use making electronic filings. When we inquired as to whether or not we could file our answering memorandum and cross motion electronically, we were informed that we could not do so, but must file by hand or by mail, because of the manner in which the case had been commenced. Since then, all of our filings in this case have been by mail or in person. We have periodically checked the docket sheet (although not since the end of April) and, from time to time, we have telephoned chambers to see if anything had been scheduled. Despite these efforts, and despite the fact that our contact information – including our

**Hon. Richard J. Holwell, U.S.D.J.**
**June 6, 2008**
**Page (2)**

email address – is on file with the court, we did not receive notice of the Court's May 20 order – or the deadline for responding of June 6, 2008 – until about an hour ago, as we have explained.

      Nevertheless, we ask the Court to accept this letter as responsive to its invitation to comment on the impact of ***Hall Street*** upon the present petition to vacate the award of arbitrator Howard Reiss dated November 27, 2007.

      Briefly stated, we think ***Hall Street*** is dispositive of the petition and requires its dismissal.  In ***Hall Street,*** the Supreme Court ruled that an arbitration award may be vacated, pursuant to a petition for vacatur under §12 of the Federal Arbitration Act, *only* upon the grounds enumerated in § 10.  ("[W]e think...that the text [of the FAA] compels a reading of the §§ 10 and 11 categories as exclusive....On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title.'  There is nothing malleable about 'must grant' which unequivocally tells courts to grant confirmation in all cases, except where one of the 'prescribed' exceptions applies."  ***Hall Street Associates v. Mattel, Inc., supra,*** 128 S.Ct. at 1404-1405.

      This is fatal to the instant petition, and, at the same time, requires that Webb's cross motion to confirm the award be granted.  The petition argues *none* of the statutory grounds for vacatur enumerated in § 10 of the FAA, but instead rests entirely upon the theory that the award should be vacated because the arbitrator, Mr. Reiss, *manifestly disregarded the law*.  The "manifest disregard" standard, which was judicially fashioned as a supplement to the statutory grounds for vacatur established in § 10, derived originally from dictum in ***Wilko v. Swan,*** 346 U.S. 427, 436-437 (1953).  ***See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker***, 808 F.2d 930, 933 (2nd Cir. 1986) ("'Manifest disregard of the law'" by arbitrators is a judicially-created ground for vacating their arbitration award, which was introduced by the Supreme Court in *Wilko v. Swan...*It is not to be found in the federal arbitration law.")  For more than fifty years, the courts in this Circuit have recognized "manifest disregard of the law" as a ground for vacating an arbitral award, although application of the doctrine has been sparing, and an arbitral award has been vacated on this ground on only four of the nearly fifty occasions in which the issue has arisen since 1960.  ***See, Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S***, 333 F.3d 383, 389 (2nd Cir. 2003) ("[S]ince 1960 we have vacated some part or all of an arbitral award for manifest disregard in [only] ...four out of at least 48 cases where we applied the standard...").

      But what the Supreme Court giveth, the Supreme Court taketh away. The Court now rules, in ***Hall Street,*** that ***Wilko*** cannot be read as creating a new category for judicial intervention, but that, instead, the statutory categories set forth in § 10 embody the *sole and exclusive* grounds upon which an arbitral award may be vacated. ("Hall Street reads [the ***Wilko*** dictum] as recognizing 'manifest disregard of the law' as a further ground for vacatur on top of those listed in § 10, and some Circuits [including the Second Circuit] have read it the same say...But this is too much for ***Wilko*** to bear...We, when speaking as a Court, have merely taken the ***Wilko*** language as we found it without embellishment, and now that is meaning is implicated, we see no reason to accord it the significance that Hall Street urges."  ***Hall Street Associates v. Mattel, Inc., supra,*** at 1403-1404

Hon. Richard J. Holwell, U.S.D.J.<br>
June 6, 2008<br>
Page (3)

(citations omitted).

  It follows from this that the petition must be dismissed. Petitioner's Memoranda of Law make clear – to the extent they make anything clear – that "manifest disregard of the law" is the sole and exclusive ground upon which petitioner relies to knock over the award, and petitioner makes not even the pretense of reliance upon the statutory grounds for relief enumerated in § 10. Thus, for example, in its opening Memorandum of Law, petitioner summarizes its own argument in these words: "[Petitioner] seeks to vacate the Arbitration Award of Arbitrator Reiss, which improvidently granted [respondent William] Webb's motion to dismiss [petitioner]'s claim for attorneys' fee, *for his manifest disregard of the law on multiple grounds...*" (Petitioner's Opening Memorandum of Law at 1). Of course, the "grounds" upon which petitioner relies amount merely to an elongated rant about how the arbitrator was "wrong" about this or that, or "misinterpreted" the parties' agreement, or committed "legal error" in one fashion or another – *none* of which would make out a case of "manifest disregard" even if that standard had remained viable.

  We have argued that the filing of the petition is a frivolous waste of the Court's time and the parties' resources. We do not contend that the petition was frivolous because petitioner failed to anticipate the Supreme Court's evisceration of the "manifest disregard" standard in ***Hall Street.*** We do, however, contend that the petition is frivolous on its face; that even taken on its own terms, it fails to present an even colorable case for vacatur, but instead presses the hopelessly deranged argument that Arbitrator Reiss "manifestly disregarded the law" by doing that which the parties by their agreement, and the AAA's commercial rules, by their incorporation into that agreement *expressly authorized him to do* – namely, to determine whether or not petitioner's demand for extra-arbitral counsel fees fell within the ambit of his jurisdiction, as fixed by the agreement. Petitioner – as the party which demanded arbitration – is now in the entirely absurd position of contending that the final award should be vacated, basically, because petitioner is unhappy with the award. Petitioner's argument that the Arbitrtator's assorted "misinterpretations" and "errors of law" constituted a "manifest disregard" for the law is simply the functional equivalent of attempting to squeeze a size 10 foot into a size 5 boot.

  In any event, it is clear now that even a "manifest disregard" of the law will not be sufficient to justify vacating an arbitral ruling. Accordingly, the petition must be dismissed and the cross motion to confirm the award and for other relief should be granted.

Respectfully submitted,

U<span style="font-variant:small-caps">llman</span>, F<span style="font-variant:small-caps">urhman</span> & P<span style="font-variant:small-caps">latt</span>, P.C.

By: _____

Jeffrey D. Ullman<br>
A Member of the Firm

cc: Rodney Brown, Esq.