UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
ROBERT LEWIS ROSEN
ASSOCIATES, LTD.,                                             :

              Petitioner,                       :    Index No. 07 Civ. 11403 (RJH)

  -against-                                                  :    NOTICE OF APPEAL
                                                                 IN A CIVIL CASE
WILLIAM WEBB,                                                 :

              Respondent.                      :

-------------------------------------------------------------x

      Notice is hereby given that Robert Lewis Rosen Associates, Ltd. ("RLR"), the Petitioner in the above named case, hereby appeals to the United States Court of Appeals for the Second Circuit from an Order entered in this action on the 7th day of July 2008, to the extent that the Order denied RLR's motion to vacate a November 28, 2007 Arbitration Award issued in favor Respondent William Webb ("Webb") and granted Webb's cross-motion to confirm the Arbitration Award dismissing RLR's Petition.

Dated: New York, New York            Respectfully submitted,
       August 5, 2008

                                          THE BROWN LAW GROUP, P.C.

                            By:    _____
                                       Rodney A. Brown (RB 7558)

                                          Attorneys for Petitioner
                                          2 Grand Central Tower
                                          140 East 45th Street, 25th Fl.
                                          New York, New York 10017
                                          (212) 421-1845

TO:   Jeffrey D. Ullman, Esq.
       ULLMAN, FURHMAN & PLATT, P.C.
       Attorneys for Respondent

89 Headquarters Plaza
North Tower, Twelfth Floor
Morristown, New Jersey 07960
(973) 993-1744

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ROBERT LEWIS ROSEN ASSOCIATES, LTD.,

                  Petitioner,

-against-

WILLIAM WEBB,

                  Respondent.

07 Civ. 11403 (RJH)
**MEMORANDUM OPINION AND ORDER**

Robert Lewis Rosen Associates, Inc. ("RLR") brings this petition under § 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to vacate a November 28, 2007 Arbitration Award (the "2007 Award") issued in favor of Respondent William Webb ("Webb"). RLR seeks vacatur of the award on the basis of the arbitrator's alleged "manifest disregard of the law." Webb cross-moves for confirmation of the award and for sanctions against RLR and its attorneys. For the reasons that follow, the Court grants Webb's cross motion to confirm and dismisses the petition. Webb's cross motion for sanctions is denied.

## BACKGROUND

RLR, a career management firm, and Webb, a director of televised sporting events, have spent the last seven years litigating twelve adjudicative proceedings in three

different states. The instant action marks the fifth time these parties have brought their conflict before this Court.

In October of 1995, while under a contract allowing RLR to serve as Webb's "sole and exclusive personal manager, representative and advisor for the purpose of supervising and guiding [his] professional career in the 'Entertainment Field,'" (Pet. Ex. A), RLR negotiated on behalf of Webb with FOX Baseball. *Webb v. Robert Lewis Rosen Assocs., Ltd.*, No. 03 Civ. 4275, 2003 WL 23018792, at *1 (S.D.N.Y. Dec. 23, 2003) (*RLR II*). Webb sought to work as a director for FOX's broadcast of certain Major League Baseball games. *Id.* In the course of the negotiations, RLR apparently promoted another applicant at Webb's expense and even disparaged Webb's directorial abilities. *Id.* Nonetheless, Webb secured the contract with FOX, and RLR negotiated the contract's renewal in early 1997. *Id.*

Although Webb obtained the contract, he refused to pay RLR's fees. In 2001, RLR commenced arbitration to compel payment and Webb counter-claimed, alleging *inter alia* fraud in the inducement of the 1997 extension of the RLR-Webb agreement. *RLR II*, 2003 WL 23018792, at *2. The arbitrator denied all of Webb's counterclaims as either without merit or not arbitrable. *Id.* In July 2003, the arbitrator awarded RLR $355,084.32 (the "2003 Award") in unpaid manager's fees, arbitration costs, and attorneys' fees. (Pet. Ex. B.) The arbitrator also found that RLR would be entitled to additional manager's fees once Webb received payment from his employers. (*Id.*) RLR petitioned this Court for confirmation of the award, while Webb brought a separate action on his counterclaims. In November of 2003, Judge Baer granted RLR's petition to confirm the 2003 Award, but denied RLR's request for attorney's fees. *See Robert Lewis*

2

*Rosen Assocs., Ltd. v. Webb*, No. 03 Civ. 6338, 2003 WL 22801698 at *12 n.24 (S.D.N.Y. Nov. 24, 2003) (*RLR I*). Judge Baer directed judgment be entered accordingly (the "November 2003 Judgment").

In December 2003, Judge Baer granted RLR summary judgment on all but two of Webb's counterclaims. *RLR II*, 2003 WL 23018792, at *7. In June 2004, following a bench trial, Judge Baer entered judgment in favor of RLR on Webb's remaining claims *See Webb v. Robert Lewis Rosen Assocs., Inc.*, 03 Civ. 4275, 2004 WL 1469490 (S.D.N.Y. June 29, 2004) (*RLR III*). Webb appealed the awards of summary and final judgment on his counterclaims, and the Second Circuit affirmed. *See Webb v. Robert Lewis Rosen Associates, Ltd.*, 128 Fed. Appx. 793 (2d Cir. 2005) (*RLR IV*).

In late 2003, Webb initiated a proceeding before the California Labor Commission, alleging that RLR's Palm Desert, California offices violated California state law by operating without a license. *Webb v. Rosen*, No. TAC 36–03 (C.L.B. June 29, 2007) (*RLR V*). Webb asked for damages equaling the amount the arbitrator had awarded to RLR. In June of 2007, the Commission dismissed Webb's claims as precluded and time-barred. *Id.* at 4.

In January 2004, RLR domesticated the November 2003 Judgment in New Jersey. In June 2004, RLR brought an action in New Jersey Superior Court seeking equitable relief under New Jersey's Uniform Fraudulent Transfer Act in response to Webb's conveyance of his interest in his marital home to his wife at a substantially lower-than-market value. *See Robert Lewis Rosen Assocs., Ltd. v.*, No. A-3761-04T2, 2006 WL 2590321 (N.J. App. Ct. Aug. 8, 2006) (*RLR VI*). The Superior Court directed Webb to pay $375,391.62 (the 2003 Award plus interest) but declined to require payment of the

3

additional manager's fees contemplated in the 2003 Award. Webb tendered payment as ordered by the Superior Court. On appeal, the Appellate Division reversed the Superior Court's limitation on RLR's recovery and remanded the motion for further consideration. *Id.*

On February 4, 2005, RLR moved this Court for an order clarifying the Court's judgment confirming the 2003 Award. *See Robert Lewis Rosen Assocs., Ltd. v. Webb*, No. 03 Civ. 6338, 2005 WL 1308942 (S.D.N.Y. June 1, 2005) (*RLR VII*). Judge Baer granted the motion, finding that under the 2003 Award, RLR was entitled to an additional $106,441.72. Webb appealed and the Second Circuit affirmed the entry of the supplemental judgment. *See Robert Lewis Rosen Assocs., Ltd. v. Webb*, 473 F.3d 498 (2d Cir. 2007) (*RLR VIII*). Webb made a final payment of $218,521.58 on January 30, 2007. (Ullman Decl. ¶ 16, Jan. 8, 2008.) In December 2007, the New Jersey Superior Court dismissed RLR's remaining fraudulent conveyance claims against Webb noting that "enough is enough." *Robert Lewis Rosen Assocs., Ltd. v. Webb*, No. MRS-C-109-04, at *3 (N.J. Sup. Ct. Dec. 20, 2007) (*RLR IX*).

The tortuous procedural history identified above forms the basis for the action that is now before this Court. On March 19, 2007, RLR filed a demand for a second arbitration with the American Arbitration Association, seeking recovery of legal fees that RLR incurred while enforcing the 2003 Award. (Ullman Decl. ¶ 20.) The arbitrator issued the 2007 Award granting Webb's motion to dismiss, and it is this award that RLR now asks the Court to vacate.

4

RLR argued in arbitration—and again here—that RLR and Webb's initial, written agreement allows the arbitrator to hear an application for legal fees incurred after the arbitration award was obtained and confirmed. (Pl's Mem. 7.) The agreement provides:

> Any controversy or claim arising out of or relating to this agreement, or the breach thereof, shall be submitted to arbitration . . . and judgment upon the award rendered by the arbitrator(s) (including, without limitation, interest, costs, expenses and attorneys fees as the Arbitrator(s) may award in its discretion) may be entered in any court having jurisdiction thereof.

(Pet. Ex. A.) The arbitrator dismissed RLR's claims without a hearing on four grounds. First, the arbitrator found that Judge Baer had already denied RLR's request for fees incurred in the confirmation of the November 2003 Award. Second, the arbitrator held that notwithstanding Webb's efforts to "frustrate and delay [RLR's] recovery of the initial award," subsequent collection efforts did not present a controversy or claim arising from a breach of the agreement; rather, the arbitrator held that "the arbitration provision does not empower me to award attorney fees or costs with respect to these subsequent collection efforts." *In re Arbitration between Robert Lewis Rosen Associates, Ltd. v. William Webb*, No. 13-140-00647-07 (Am. Arb. Ass'n Nov. 28, 2007) (*RLR X*). Third, the arbitrator found that interpreting the agreement to confer on the arbitrators "unending jurisdiction to repeatedly award new attorney fees each and every time costs are incurred in collecting on the next 'final' award" was inconsistent with the intent of the parties. *Id.* Finally, the arbitrator held that the November 2003 award had established that it was not for the arbitrator "to assess costs for litigation outside the scope of [the arbitration proceeding], even if the litigation is related to it." *Id.* The arbitrator ordered each party to split the costs of arbitration fees and to pay for their own attorneys' fees. *Id.*

5

## DISCUSSION

### I. The Motion to Vacate

"The federal policy favoring arbitration erects a high barrier to overturning arbitration awards." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Savino*, No. 06 Civ. 868, 2007 WL 895767, at *1 (S.D.N.Y. Mar. 23, 2007). Section 10 of the FAA allows a court to vacate an arbitration award when: "(1) the award was procured by corruption, fraud, or undue means"; (2) the arbitrator exhibited "evident partiality" or "corruption"; (3) the arbitrator was guilty of misconduct; or (4) the arbitrator exceeded his powers." 9 U.S.C. § 10(a)(1)–(4).[1] RLR's principal contention is that the arbitrator's award was rendered in "manifest disregard of the law." Relying on dicta from the Supreme Court's decision in *Wilko v. Swan*, 346 U.S. 427 (1953), the Second Circuit has held that "manifest disregard of the law" provides an additional judicial basis for vacatur.[2] *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir. 1986) ("'Manifest disregard of the law' by arbitrators is a judicially-created ground for vacating their arbitration award [that] was introduced by the Supreme Court in *Wilko v. Swan*. It is not to be found in the federal arbitration law.") (citations omitted).

---

[1] While not at issue in the present case, a court may vacate or modify an arbitral award:
    (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
    (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
    (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
9 U.S.C. § 11.

[2] For cases in which circuit courts have adopted manifest disregard as a distinct grounds for vacatur of arbitral awards, see discussion in *Hall Street Assocs., Ltd. v. Mattel, Inc.*, 128 S.Ct. 1396, 1403 (2008) (citing *McCarthy v. Citigroup Global Mkts., Inc.*, 463 F.3d 87, 91 (1st Cir. 2006); *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 64 (2d Cir. 2003); *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 395-396 (5th Cir. 2003); *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1017 (11th Cir. 1998)).

However, the Supreme Court has recently held that the FAA's narrow statutory grounds for vacatur are exclusive. In *Hall Street Associates, Ltd. v. Mattel, Inc.*, 128 S. Ct. 1396 (2008), the petitioner had argued that if courts may supplement the statutory grounds—as petitioners believed the Supreme Court had done in *Wilko*—then the parties to the agreement should be allowed to do so as well. *Id.* at 1403 ("Hall Street sees this supposed addition to § 10 as the camel's nose: if judges can add grounds to vacate (or modify), so can contracting parties."). The Court found that this argument was "too much for *Wilko* to bear" for three reasons. *Id.* at 1404. First, the Court pointed to the analytical "leap from a supposed judicial expansion by interpretation to a private expansion by contract." *Id.* Next, the Court noted that the *Wilko* Court expressly rejected the general review of an arbitrator's legal errors sought by petitioners. Finally, the Court found that *Wilko's* reference to "manifest disregard" was ambiguous—it might name a new ground of review, or it might refer to the § 10 grounds collectively or to either § 10(a)(3) or § 10(a)(4). *Id.* Analyzing the Court's prior cases, Justice Souter wrote that "[w]e, when speaking as a Court, have merely taken the *Wilko* language as we found it, without embellishment, and now that its meaning is implicated, we see no reason to accord it the significance that Hall Street urges." *Id.*

Having held that *Wilko* did not control its determination, the Court then turned to petitioner's claim that the general policy behind the FAA suggested that parties be permitted to supplement the statutory grounds for vacatur. The Court held that "expanding the detailed categories [for modification and vacatur contained in §§ 10 and 11] would rub too much against the grain of the § 9 language where provision for judicial confirmation carries no hint of flexibility." *Id.* at 1405. Analyzing § 9, the Court found

7

that "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation, except when one of the 'prescribed' exceptions applies." *Id.*

Necessary to *Hall Street*'s holding are two related propositions: first, that the FAA's statutory grounds are exclusive, and second, that the Supreme Court has never endorsed manifest disregard as an independent basis for vacatur. Together, these propositions undercut the rationale for the Second Circuit's prior adherence to the manifest disregard standard. *See Wojchowski v. Daines*, 498 F.3d 99, 106 (2d Cir. 2007) (affirming district court's holding that the Second Circuit's otherwise controlling decisions had been overruled as they were based on a statutory interpretation that was inconsistent with an intervening decision of the Supreme Court). As the Second Circuit's traditional understanding of *Wilko* and §10—that *Wilko* endorsed manifest disregard and that § 10's grounds are not exclusive—is inconsistent with the basis for the holding in *Hall Street*, the Court finds that the manifest disregard of the law standard is no longer good law.

Even assuming *arguendo* that "manifest disregard" remains a viable doctrine, "the reach of [this] doctrine is 'severely limited.'" *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 202 (2d Cir. 1998) (citations omitted). In fact, even a court convinced that an arbitrator incorrectly applied the law is not free to vacate the award. *See Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004) (holding that "a federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law"). Rather, vacatur for manifest disregard of the law is appropriate only when "(1) the arbitrator knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrator was well defined, explicit,

8

and clearly applicable to the case." *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 64 (2d Cir. 2003). In sum, "if there is a barely colorable justification for the outcome reached" the award must be enforced. *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003).

Petitioner proffers four reasons why the arbitrator's award is in manifest disregard of the law. First, petitioner claims that the arbitration clause clearly establishes that post-arbitration disputes regarding the enforcement of the award are arbitrable. (Mem. in Supp. of Pet'r Mot. to Vacate Arb. Award 9.) However, Arbitrator Reiss found that the controversy in the instant case arose not from the original Agreement, but from the "efforts to enforce the final [2003] arbitral award." (2007 Award at 2.) While interpreting the agreement in this way may yield an unsatisfying result to petitioner, the arbitrator reasonably observed that RLR's "requests for costs and fees belonged in the various forums in which it was forced to appear." *Id.* RLR cites no portion of the original contract that specifically authorized recovery for fees and costs incurred in collection actions.

Second, petitioner argues that in *RLR I*, issued November 24, 2003, Judge Baer held that attorneys' fees incurred in the enforcement of the arbitration were arbitrable. The Court finds this argument wholly unpersuasive. In a footnote to his opinion in *RLR I*, Judge Baer denied RLR's apparent application for an award of fees for the confirmation proceeding, noting in pertinent part that "the Agreement only provides for attorney's fees 'as the Arbitrator(s) may award in its discretion,' which could not possibly include attorney's fees from this proceeding, as this proceeding by necessity post-dated the Arbitrator's award." *RLR II*, 2003 WL 22801698 at *12 n.24. Petitioner's

understanding of the footnote—that Judge Baer held that claims for post-arbitration attorneys' fees were arbitrable—is almost certainly incorrect. Rather, Judge Baer found that the contract did not empower *the court* to award attorneys' fees in an action post-dating the arbitral award. Even assuming that the footnote was intended to resolve, *sub silentio*, an issue not then before then the court, the arbitrator's failure to recognize this putative order cannot constitute manifest disregard of the law.

Third, petitioner argues that the arbitrator should have awarded it attorneys' fees as its damages for Webb's violation of the contractual forum selection provision by initiating an action before the California Labor Commission. Petitioner presents no authority to suggest that the appropriate remedy for the initiation of an action in contravention of an exclusive contractual choice of forum is a separate action for damages. The arbitrator cannot have acted in manifest disregard of case law with which he has not been presented. *See Duferco Int'l Steel Trading*, 333 F.3d 383, 389 (2d Cir. 2003). Alternately, the contract does not clearly contemplate an arbitral award of damages for violations of the exclusive venue clause, and "[i]nterpretation of [a] contract term [ ] is within the province of the arbitrator and will not be overruled simply because we disagree with that interpretation." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 214 (2d Cir. 2002) (quoting *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 25 (2d Cir. 1997)). Here, the arbitrator held, "[i]t is not for me to assess costs for litigation outside the scope of this proceeding, even if the litigation is related to it." (2007 Award at 3). The Court cannot simply override the arbitrator's use of his broad powers to interpret the scope of the arbitration agreement.

Finally, petitioner complains that the arbitrator failed to take as true its allegations against Webb when it dismissed petitioner's claim without a hearing. However, the arbitrator's determination that RLR was not entitled to recover attorneys' fees did not depend on the merits of RLR's claims that Webb's litigation strategy was vexatious and unreasonable. Rather, the arbitrator found that RLR's claims failed as a matter of law. Therefore, the arbitrator did not manifestly disregard the law by refusing to have a hearing in which RLR could present evidence as to the merits of its claims.[3]

## II.   Webb's Cross Motion for Sanctions

Webb asks this Court to exercise its inherent equitable power to impose sanctions against RLR and its counsel, claiming that they "have abused, are abusing, and threaten to continue to abuse the processes of this Court." (Resp't Mem. of Law in Opp'n, 20). In particular, Webb claims that RLR has brought the instant action to recoup counsel fees "incurred in litigations conducted wholly outside the arbitration itself" to achieve its allegedly "malevolent purposes." (*Id.* at 15, 18) (emphasis omitted). Webb argues that RLR is engaging in vexatious litigation, and cannot actually believe that this Court would award attorneys' fees stemming from litigation that took place before other tribunals. *Id.*

However, the record before the Court makes clear that both sides have exploited, to an excessive degree, every available channel by which they may publicly air their grievances against one another. Indeed, it appears that Webb's refusal to satisfy the November 2003 award was the chief cause of the multiplication of the post-arbitration

---

[3] At oral argument, RLR also argued that, even if manifest disregard were unavailable as grounds for vacatur, the arbitrator exceeded his powers by granting Webb's motion to dismiss. However, this argument fails. It was well within the arbitrator's power to interpret the arbitration agreement and determine that petitioner's claim did not fall within its ambit. See *Westerbeke*, 304 F.3d at 214.

11

proceedings. In asking for sanctions against RLR, Webb asks the Court to ignore his role in increasing the time, scope and expense of this litigation. The Court will not do so and declines to award attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court denies RLR's petition to vacate the arbitral award [1], grants Webb's cross motion for confirmation of the arbitral award [8], and denies Webb's motion for sanctions [8]. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
       July 7, 2008

                                                          Richard J. Holwell
                                           United States District Judge